IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 21 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-00617-BNB

RICHARD LEE MARTINEZ,

    Applicant,

v.

KEVIN MILYARD, and
ATTORNEY GENERAL OF THE STATE OF COLO. JOHN SUTHERS,

    Respondents.

## ORDER TO FILE SECOND AMENDED APPLICATION

Applicant, Richard Lee Martinez, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling, Colorado, Correctional Facility. Mr. Martinez submitted to the Court *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He was granted leave to proceed *in forma pauperis* pursuant to § 1915.

On April 24, 2007, the Court ordered Mr. Martinez to file an amended habeas corpus application within thirty days that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On May 15, 2007, Mr. Martinez submitted an amended application.

The Court must construe liberally the amended application because Mr. Martinez is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Martinez will be ordered to file a second amended application.

Mr. Martinez alleges that he was convicted in Mesa County, Colorado, district court Case No. 99CR0486 on charges of felony murder and murder after deliberation, and that he was sentenced to life imprisonment. He alleges that judgment was entered on July 27, 2000. He further alleges that he appealed directly to the Colorado Court of Appeals, which on September 19, 2002, affirmed his conviction and sentence. *See People v. Martinez*, No. 00CA1685 (Colo. Ct. App. Sept. 19, 2002) (not published). He makes conflicting allegations in his original and amended applications that certiorari review was denied on March 4, 2002 or 2003. He does not allege whether he petitioned for certiorari review in the United States Supreme Court.

Mr. Martinez also makes conflicting allegations in the original and amended applications that on March 31, 2003 or 2004, he initiated a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure in the Mesa County District Court, and that on March 24, 2004, he supplemented the motion, an allegation that leads the Court to believe that he initiated his Colo. R. Crim. P. 35(c) motion on March 31, 2003. He further makes conflicting allegations in the original and amended applications that on June 1, 2004 or 2005, the trial court denied a portion of the motion without a hearing and that on June 9, 2004 or 2005, denied the remaining portion of the motion after a hearing. Mr. Martinez alleges that on August 31, 2006, the Colorado Court of Appeals affirmed. *See People v. Martinez*, No. 04CA2473 (Colo. Ct. App.

Aug. 31, 2006) (not published). He asserts that certiorari review was denied on February 20, 2007.

Mr. Martinez's amended habeas corpus application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Martinez's amended habeas corpus application is vague in part because he submitted copies of the appellate court opinions pertinent to his direct appeal and to his Colo. R. Crim. P. 35(c) postconviction motion without submitting the cover pages to those opinions and because he provides conflicting information as to the dates of his state-court proceedings. In addition, he again fails to clarify whether the five claims he raises here were exhausted as federal constitutional claims in the state courts.

Mr. Martinez must exhaust state remedies before he may raise his claims in federal court. *See **Montez v. McKinna**,* 208 F.3d 862, 866 (10th Cir. 2000). The

exhaustion requirement is satisfied once the federal claim has been presented fairly to the state's highest court. *See Castille v. Peoples*, 489 U.S. 346, 350-51 (1989). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

As previously stated, Mr. Martinez's amended application fails to comply with Fed. R. Civ. P. 8 by providing a short and plain statement of his claims showing that he is entitled to relief, by clarifying the dates of his state-court proceedings, and by demonstrating that his asserted claims were exhausted as federal constitutional claims in the state courts. He will be given one final opportunity do so. Mr. Martinez will be directed to file an amended application that complies with Fed. R. Civ. P. 8 on the proper, Court-approved form. The amended application Mr. Martinez will be directed to file must clarify his federal claims and the steps he has taken to exhaust state-court remedies as to his federal claims; must clarify the dates of his state-court proceedings, and should include, if available, full copies, including the cover page, of the appellate court opinions pertinent to his direct appeal and to his Colo. R. Crim. P. 35(c) postconviction motion. Mr. Martinez is on notice that the Court will not refer again to any previous filings in this action in order to piece together the information requested above. Accordingly, it is

ORDERED that Mr. Martinez file **within thirty (30) days from the date of this order** a second amended application that complies with Fed. R. Civ. P. 8 for the reasons discussed in this order. It is

FURTHER ORDERED that Mr. Martinez's second amended application shall be titled, "Second Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Martinez, together with a copy of this order, two copies of the following form to be used in filing the second amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Martinez fails within the time allowed to file a second amended application as directed, the amended application will be denied and the action dismissed without further notice.

DATED May 21, 2007, at Denver, Colorado.

                                BY THE COURT:

                                s/ Boyd N. Boland
                                United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00617-BNB

Richard L. Martinez
Prisoner No. 75213
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on ____5-21-07____

GREGORY C. LANGHAM, CLERK

By: _____
     Deputy Clerk