IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00617-CMA-BNB

RICHARD LEE MARTINEZ,

Applicant,

v.

KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

## ORDER

---

This matter arises on the following papers:

1.  The Applicant's letter [Doc. # 27, filed 3/31/09] (the "Letter"), in which he requests

that the Court issue a ruling on his Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 (the "Application");

2.  The Applicant's **Motion for a Default Summary Judgment** [Doc. # 30, filed

6/2/09]; and

3.  The respondents' **Response to Motion for Summary Judgment and Motion for**

**Extension of Time** [Doc. # 32, filed 6/2/09].

As a preliminary matter, I note that the Applicant's Letter is addressed to the District

Judge. The Applicant does not certify that copies of the Letter were served on the other parties

or their attorneys. The local rules of this Court prohibit ex parte communication with judicial

officers:

    In the absence of previous authorization, no attorney or party to

>any proceeding shall send letters, pleadings or other papers or
>copies directly to a judicial officer.  Unless otherwise instructed,
>all matters to be called to a judicial officer's attention shall be
>submitted through the clerk, with copies served on all other parties
>or their attorneys.

D.C.COLO.LCivR 77.2.

Copies of papers filed in this Court are to be served on counsel for all other parties (or directly on any party acting *pro se*) in compliance with Fed.R.Civ.P. 5.  Rule 5 provides that all pleadings filed after the original complaint and all written motions, notices, demands, or any similar paper must be served on every party.  Fed.R.Civ.P. 5(a).  "If a party is represented by an attorney, service under this rule must be made on the attorney . . . ."  Fed.R.Civ.P. 5(b).

Service upon other parties may be by mail.  Id.  Proof that service has been made is provided by a certificate of service.  Id. at 5(d).  This certificate should be filed along with the original papers and should show the day and manner of service.  Id.

In addition, "[a] request for a court order must be made by motion. . . . The rules governing captions and other matters of form in pleadings apply to motions and other papers."  Fed.R.Civ.P. 7(b).  The Applicant submitted his request in the form of a letter, not in the form of a motion as required.  In the future, all applications to the Court for relief must be submitted in the form of a motion and served on opposing counsel.

On April 22, 2009, I ordered the respondents to provide to the Court, on or before May 22, 2009, a complete record from the state trial court and all briefs and pleadings filed in the state appellate courts in the criminal prosecution and post-conviction proceedings that underlie the Application [Doc, # 29].  The respondents did not provide the state record on or before May 22, 2009, nor did they seek an extension of time to provide the state record.

On June 2, 2009, the plaintiff filed a Motion for a Default Summary Judgment requesting that "the Court . . . make a default summary judgement in the Applicant's favor and order a new trial in this case" because the respondents did not provide the state record as required.  There is no such thing as a "default summary judgment."  To the extent the Applicant seeks a default judgment or summary judgment, neither remedy is appropriate on an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  Moreover, on June 2, 2009, the respondents requested an extension of time to provide the state record on the basis that they had inadvertently failed to notice the Court's order.  The respondents' request is granted.

IT IS ORDERED that the respondents' Response to Motion for Summary Judgment and Motion for Extension of Time [Doc. # 32] is GRANTED.

IT IS FURTHER ORDERED that the Applicant's Motion for a Default Summary Judgment filed by the Applicant [Doc. # 30] is DENIED.

IT IS FURTHER ORDERED that any relief requested in the Letter is DENIED.

IT IS FURTHER ORDERED that in the future all applications to the Court for relief must be submitted in the form of a motion and served on opposing counsel in compliance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and this Order.

Dated June 3, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge